UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

GEORGE GERHARZ,

    Plaintiff,

v.                                                  Civil Action No. _____

RICHARD D. ELLEY AND ELLEY LAW OFFICES,

    Defendants.

---

## **COMPLAINT**

George Gerharz, plaintiff in the above-entitled matter, by his attorney James A. Walrath, alleges as follows:

### **PARTIES**

1. Plaintiff is an adult resident and citizen of the State of Wisconsin, Milwaukee County.

2. Plaintiff is a consumer protected by provisions of federal and state statutes, in particular 15 U.S.C. § 1692 *et seq.*, relating to the Fair Debt Collection Practices Act, and Wisconsin Statute Chapters 425 and 427, relating to the Wisconsin Consumer Act, and Chapter 100, relating to Marketing and Trade Practices.

3. Defendant Richard D. Elley is an adult resident of the State of Arizona, and is an attorney licensed to practice law in the State of Arizona. At all times relevant, he has been listed as having affiliations at defendant Elley Law Offices, with its address listed

1

as 3303 East Baseline Road, Room 7-118, Gilbert, Arizona or P.O. Box 85216, Mesa, Arizona 85216, as well as the law firm of Pak & Moring PLC, 8930 E Raintree Dr #100, Scottsdale, AZ 85260, and as General Counsel for NationsChoice Mortgage, 3303 East Baseline Road, Gilbert, Arizona 85234.

4. Defendants Elley and Elley Law Offices regularly collect or attempt to collect debts owed or due, or asserted to be owed or due another, and each is a "debt collector" within the meaning of 15 U.S.C. 1692a(6); they engage, directly or indirectly, in "debt collection" within the meaning of Wis. Stat. § 427.103(3); and they serve as agents or representatives acting on behalf of a "seller" of consumer goods within the meaning of Wis. Stat. § 100.195(1)(f).

## JURISDICTION AND VENUE

5. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this is an action alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. This court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the parties are residents of different states, and the amount in controversy, when punitive damages and statutory attorney fees are considered, exceeds $75,000.00. This court may also invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's closely-related claims under the Wisconsin Consumer Act and Marketing and Trade Practices law. Venue lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1291, inasmuch as a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Eastern District of Wisconsin.

## FACTS

6. At all times relevant, defendant Elley Law Offices was hired either by a business entity variously known as Magazines Corporation or Magazines Association, or unknown persons using the entity name of Magazines Corporation or Magazines Association (hereinafter described collectively as "Magazines"). This entity or persons hired Defendant Richard D. Elley and defendant Elley Law Offices (hereinafter described collectively as "Elley") to engage in the collection of alleged magazine subscription debts and to serve as a magazine subscription seller's representative for billing purposes.

7. On information and belief, since at least 2012, and continuing into 2014, Elley's client, Magazines, has engaged in false, misleading and deceptive magazine subscription sales practices, in which:

   A. Magazines represents that it has contracts to engage in consumer transactions with consumers for the purchase of magazines, whereby those consumers can acquire magazines for personal, family, or household purposes.

   B. Magazines represents that the "renewal/purchase" of magazines subscriptions may be paid through "easy monthly payments," such that consumers' obligations are payable in installments and, therefore, on credit.

   C. Magazines makes these representations as part of its false billing practices, by which sends out mailings, claiming that the mail recipients had agreed to pay for

3

magazine subscriptions, when in fact they had not, and claiming that it had recorded conversations of the mail recipients agreeing to the subscriptions, when in fact Magazines had no such recordings.

D. Magazines then telephones the mail recipients to demand payment based on the false billings.

E. Magazines harasses and intimidates the mail recipients into paying for the false billings, often by obtaining their credit card account information.

F. As to those mail recipients who have not paid, Magazines then directs Elley to send them dunning letters to collect on the false billings.

8. On information and belief, Elley has known or has reason to know of Magazines' false, misleading and deceptive practices due partly to the unfavorable notoriety gained by Magazines in Better Business Bureau ("BBB") consumer complaints and BBB "F" ratings for Magazines' practices, due to consumer complaints lodged with other nonprofit consumer protection organizations, and due to consumer complaints received by Elley throughout Elley's legal representation of Magazines. A copy of an example of a BBB "F" rating of Magazines is attached as Exhibit A.

9. On or about October, 2013, plaintiff was billed $59.99 by Magazines through mailings directed to his address in Milwaukee County, Wisconsin for an alleged three-year Atlantic Monthly subscription contract. A redacted copy of the mailing is attached as Exhibit B.

A. Plaintiff contacted Magazines and explained that he did not order the

4

subscription and would not pay it. Plaintiff already had a subscription in effect for the Atlantic Monthly, which he had arranged directly with its publisher.

    B. Distressed that Magazines was claiming that it held his unpaid debt and that it would adversely affect his credit standing, plaintiff also notified the Atlantic Monthly that he had been falsely billed.

    10. On or about April 9, 2014, plaintiff was billed again by Magazines through mailings directed to his address in Milwaukee County, Wisconsin, but the billing claimed he owed $69.99 for a two-year Atlantic Monthly subscription contract. A redacted copy of the mailing is attached as Exhibit C.

    A. The billing claimed that Magazines had a recorded conversation of plaintiff agreeing to the subscription .

    B. Again, plaintiff refused to pay the alleged debt, and was even more distressed that Magazines had continued its false debt claim, and that it would adversely affect his credit standing.

    C. Magazines once again caused plaintiff further emotional distress because its letter now asserted that it had a recorded conversation of plaintiff agreeing to the subscription.

    11. On or about May 29, 2014, plaintiff received a collection notice or "dunning letter" through a  mailing from Elley, which was directed to plaintiff's address in Milwaukee County, Wisconsin . A copy of the mailing is attached as Exhibit D. Among other things, Elley's letter asserted that:

A. Magazines' subscription charge had, without explanation, somehow increased to $89.99;

B. Elley had been retained by Magazines to collect or litigate the alleged $89.99 debt owed by plaintiff;

C. Elley was not a collection agency;

D. Elley would advise Magazines that it could sue plaintiff for "damages" that would somehow "includ[e] attorneys' fees and costs;"

E. Magazines had documented its subscription contract with plaintiff "by a verbal recording;"and

F. Magazine's damages, after judgment, were expected to exceed $1000.00.

12. Following receipt of Elley's letter, and distressed that Magazines had referred its false claims to an attorney, plaintiff hired legal counsel in Milwaukee County to object to Elley's demands, causing plaintiff to incur a pecuniary loss of $250.00 to pay for the attorney's services.

13. On or about June 19, 2104 plainitff's legal counsel sent Elley a letter requesting that Elley validate the debt pursuant to 15 U.S.C §1692g and that it cease and desist from any further collection activities pending the validation process. A redacted copy of counsel's letter is attached as Exhibit E.

14. On June 29, 2014 Elley sent plaintiff's legal counsel at his Milwaukee County office address an email (a redacted copy of which is attached as Exhibit F) stating:

> I have asked my client to provide the supporting documentation and recordings evidencing the contract set forth in my letter. I will forward

6

you the information as it is received. Please note that if my client is unable to provide the supporting information within thirty days, we will consider your dispute to be sustained and will not contact you further.

15. Neither Elley nor Magazines provided plaintiff or his counsel with any validation of the alleged debts, whether $59.99, $69.99, $89.99, or of the alleged recording(s).

16. On and information and belief, Elley has mailed virtually identical dunning letters to hundreds and perhaps thousands of persons, that among many things: falsely claimed that the persons owed his client, Magazines, money; falsely claimed that his client had recordings of their purported contracts creating the debts; falsely threatened litigation; and falsely claimed that, if contested, the debts would be expected to result in individual judgments exceeding $1000. A copy of a similar dunning letter by Elley is attached as Exhibit G, and appears as an attachment to the civil complaint in *Foley v. Elley Law Office*, No. 14CV00599 (U.S.D.C., E.D.Va). These dunning letters are form letters in which the only words or phrases that vary from one letter to another are the recipient's name and address, the amount of the alleged subscription sale contract debt, the publication(s) allegedly ordered, and the alleged, expected amount of individual judgments.

17. Elley's threat of litigation in Exhibit E is false because, among other things, litigation is never intended and in fact is never pursued. Based on a review of Wisconsin, and federal court dockets for all states, Magazines has never filed suit against anyone, and, in particular, Elley has never litigated a claim in those courts on

7

behalf of Magazines.

18. Plaintiff is entitled to seek an award of punitive damages because, on information and belief, Elley intentionally mailed its dunning letters, as described above, knowing that they were false, while willfully, wantonly, and reprehensibly disregarding the statutory consumer protection rights of hundreds, if not, thousands of recipients, threatening financial loss and harm due to adverse court judgments, and collecting payments based its dunning letters. Similar, although not identical, fraudulent magazine sales debt collection schemes prosecuted by the Federal Trade Commission have resulted in the imposition of penalties or disgorgement remedies ranging from several hundred thousand dollars to millions of dollars. *E.g., United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996), 1996 WL 583557.[1]

19. Plaintiff is entitled to seek an award of punitive damages because Elley's practices, as described above, are subject to punitive damages under Wis. Stat. § 425.301(1), and are punishable under Wisconsin law, specifically § 425.401(1) and § 100.195(5m)(d) and (e) as criminal misdemeanors and criminal forfeitures, with potential fines or forfeitures up to $10,000 for each violation.

20. Plaintiff is entitled to seek an award of punitive damages because Elley's

---

[1] "[E]ach of the millions of collection letters that threatened suit was a separate violation of 15 U.S.C. §§ 1692e(5) and (10), and each letter with a defective validation notice was a separate violation of § 1692g. The government requested a penalty of at least $1,500,000. In light of the millions of accounts involved, and the fact that most accounts received more than one letter, the district court would have been within its discretion to impose penalties far greater than $550,000." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 141 (4th Cir. 1996).

practices, as described above, are subject to punitive damages of up to $200,000 under § 895.043 and because such practices meet the criteria set forth in *Kimble v. Land Concepts, Inc.*, 2014 WI 21, 353 Wis.2d 377, 845 N.W.2d 395, and cases cited therein.

### FIRST CLAIM FOR RELIEF:
### FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA") VIOLATIONS

21. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

22. Elley's conduct, as related to plaintiff and other recipients of his form dunning letters, violated the following provisions of the FDCPA:

   A. 15 U.S.C. § 1692g for failing to include a debit validation notice;

   B. 15 U.S.C. § 1692e(11) for failing to disclose, and in fact for denying, that Elley was a debt collector, and for failing to disclose that information obtained from recipients would be used for the purpose of collecting a debt;

   C. 15 U.S.C. § 1692e(5) for threatening litigation when Elley never intended to sue anyone for alleged Magazines debts;

   D. 15 U.S.C. § 1692e(10) for making false threats of litigation, false threats of expected litigation costs exceeding $1000.00, and for demanding payment during the thirty day debt validation period;

   E. 15 U.S.C. § 1692e(2) for misrepresenting the character, amount and legal status of the alleged debt;

   F. 15 U.S.C. § 1692d for conduct the natural consequence of which was to harass, oppress, and abuse plaintiff and other recipients;

9

G. 15 U.S.C. § 1692f for using unfair and unconscionable means to collect Plaintiff's alleged debt and that of other recipients.

**SECOND CLAIM FOR RELIEF: WISCONSIN CONSUMER ACT ("WCA") VIOLATIONS**

23. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

24. Elley's conduct, as related to plaintiff and other recipients of his form dunning letters, violated the following provisions of the WCA:

A. § 427.104(1)(c) for threatening to disclose information in litigation adversely affecting the plaintiff's and other recipients' reputations for creditworthiness with knowledge or reason to know that the information is false;

B. § 427.104(1)(f) for threatening to disclose the existence of an alleged debt known to be reasonably disputed without disclosing the fact that the customer has disputed the debt;

C. § 427.104(1)(h) for engaging in conduct which can reasonably be expected to threaten or harass plaintiff and the other recipients;

D. § 427.104(1)(j) for attempting and threatening to enforce a right with knowledge or reason to know that the right does not exist;

E. § 427.104(1(L) for threatening action when like action is not taken in the regular course of Elley's practices and is not intended with respect to alleged Magazines debts; and

F. § 425.107 for engaging in unconscionable conduct.

# THIRD CLAIM FOR RELIEF: UNFAIR BILLING FOR CONSUMER GOODS IN VIOLATIONS OF WIS. STAT. §100.195

25. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

26. Elley's conduct, as related to plaintiff and other recipients of his form dunning letters, violated Wis. Stat. § 100.195(2)(a) by billing plaintiff and the other recipients for consumer goods that they had not agreed to purchase.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendants in his favor for:

1. His actual damages, including damages caused by emotional distress, pursuant to Wis. Stat. § 427.105(1);

2. The statutory penalty of twice the finance charge allegedly due, for a minmum of $200 and a maximum of $1000.00, applicable under Wis. Stat. §§ 427.105(1) and 425.304;

3. Twice his pecuniary loss, $200 for each of defendants' violations, whichever is greater pursuant to Wis. Stat. § 100.195(5m)(b);

4. Punitive damages of at least $100,000.00 pursuant to Wis. Stat. §§ 425.301(1) and 895.043;

5. Reasonable attorney fees, expenses and costs pursuant to 15 U.S.C § 1692k(a)(3) and Wis. Stat . §§ 427.308 and 100.195(5m)(b); and

6. Such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ James A. Walrath*

James A. Walrath, SBN #1012151
Law Offices of James A. Walrath, LLC
324 East Wisconsin Avenue, Suite 1410
Milwaukee, WI 53202
Ph: 414-202-2300
Email: jw@jaw-law.com
Website: www.jaw-law.com

12

Case 2:14-cv-01204-WED   Filed 09/30/14   Page 12 of 13   Document 1

## JURY DEMAND

Plaintiff hereby demands that this action be tried by a jury.

Dated at Milwaukee, Wisconsin, September 18, 2014.

> Respectfully submitted,
>
> */s/ James A. Walrath*
>
> James A. Walrath, SBN #1012151
> Law Offices of James A. Walrath, LLC
> 324 East Wisconsin Avenue, Suite 1410
> Milwaukee, WI 53202
> Ph: 414-202-2300
> Email: jw@jaw-law.com
> Website: www.jaw-law.com